

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. L. Washburn
County Auditor,
Harris County
Houston, Texas

Dear Sir:

Opinion No. O-1770
Re: Taxation -- Board of Equaliza-
tion -- Raise of value of Tax-
payers' property -- Notice.

You submit for a legal opinion the following questions with respect to the construction of our statute authorizing the Board of County Commissioners, sitting as a Board of Equalization, to raise the value of a taxpayer's rendition:

"1. Is a postal card notice deposited in the mail by the County Clerk under the direction of the Commissioners' Court to the property owner in ample time prior to the date set for the hearing such notice as is required by the statute?

"2. If the above notice is not sufficient, what type of notice is required and by whom should such notice be served?

"3. Has the Commissioners' Court now juris- diction to hear a petition from a property owner who alleges that he did not receive notice of the proposed increase, and should the Court find as a fact that he did not receive notice, could the Commissioners' Court reduce the value from that to which it had been increased to the value at which the owner originally rendered it, it ap- pearing that the Commissioners' Court had adjourn- ed as a Board of Equalization and had also ap- proved the rolls of the Assessor and Collector of Taxes for the year and taxes are in process of col- lection?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

The pertinent statute reads:

"Whenever said Board shall find it their
duty to raise the assessment of any person's pro-
perty, they shall order the County Clerk to give
the persons who rendered the same written notice
that they desire to raise the value of same. They
shall cause the County Clerk to give ten days'
written notice before their meeting by publica-
tion in some newspaper, but, if none is publish-
ed in the county, then by posting a written or
printed notice in each justice's precinct, one
of which must be at the Courthouse door."
(R. C. S., Art. 7206).

The Clerk is required to give the persons writ-
ten notice, but the manner of service of such notice is
not provided. It is the general rule in such cases that
notice, where no special method of service is provided,
shall be by personal notice. (See 31 Tex. Jur. p 379,
Sec. 12). This is also the rule in Texas. Georgia Cas-
ualty Co. v. McClure, 239 S. W. 844, affirmed 251 S. W.
800. The fact that the statute requires the notice to
be in writing accentuates the rule that such notice must
be personal.

It is said in Hoefling v. San Antonio, 38 S. W.
1127:

"The assessment of the property of the
citizen, by virtue of the state constitution,
fixes a lien upon all his landed property,
not excepting the homestead; and it is appar-
ent how very important to the citizen it be-
comes that he should be apprised, at least,
of the action of the Board of Equalization to
whom is confided the power of raising or de-
creasing the valuation of his property. When
once the Board has duly fixed the value of the
property, the lien attaches as firmly as
though it had come through the decree of the
duly organized court; and, while he might be
relieved by appeal from the decision or decree
of a court, no appeal is contemplated or pro-
vided from the award of a Board of Equalization,
whether of a city or county. * * * But notice
of some kind must be given before property can
be encumbered with liens, and made subject to
the payment of debts to the state or municipal-
ity. To hold otherwise would be to deprive
the owner of property without the 'due pro-
cess of law,' contemplated in the constitu-

tional guaranties of the rights of property."

The holding was affirmed by the Supreme Court. 90 Tex. 511, 39 S. W. 918.

Notice, therefore, and the consequent opportunity to be heard, is jurisdictional, not only under the general principle of due process, but likewise under the statutes themselves. It follows that an order raising the values of the taxpayer's property, in the absence of notice and opportunity to be heard, being without jurisdiction, is void and of no effect. Highland Park Ind. School District of Dallas County, et al, Vs. Republic Ins. Co. 80 S. W. (2) 1053. Notice must, therefore, be given if the Board is to have power -- jurisdiction -- to raise the taxpayer's valuation in such manner as to affect his liability for taxes.

Answering your questions in the light of the foregoing principles of law, you are advised:

1. A postal card notice deposited in the mail by the County Clerk, duly directed to the taxpayer, may or may not constitute the personal notice contemplated by the statute. That is to say, the statutes require personal service of such written notice. Obviously, a postal card could and would impart that notice if it were personally delivered to the taxpayer. Deposit of such card in the United States mail would afford evidence -- at least, prima facie sufficient -- to justify a finding that it had been duly received by the addressee, and that he, therefore, had the actual notice contemplated by the statutes, but it is not conclusive as to such matter. If for any reason the postal card does not reach the hands of the taxpayer, it has not served its purpose and it is, therefore, not sufficient. On the other hand, if the card reaches the hands of the taxpayer, it has served its purpose, and the Board's jurisdiction arises. Such written notice may, of course, be served personally upon the taxpayer in any other suitable way; that is to say, it may be served by a peace officer, or by a private citizen. However the service may be made, there is no statute of evidence upon the subject, making any character of return, certificate, affidavit or the like, conclusive evidence of such service. In the nature of things, the matter is a question of fact in the particular case. Unless the taxpayer appears at the hearing, the

Honorable H. L. Washburn - Page 4

Board, as a matter of jurisdictional necessity, must ascertain or find that such notice has been served. As above stated, proof that the postal card method had been adopted would at least be prima facie evidence of service sufficient to authorize the Board to proceed with consideration of value.

It is not required by the statutes that the written notice to the taxpayer shall name the place and time of the Board's meeting; that is a matter to be fixed by the later published or posted notice for the time designated in the statute, for which reason, we are of the opinion the actual personal service of notice to the taxpayer should antedate the prescribed period of published or posted notice for the Board's meeting. In other words, it takes the personal notice to the taxpayer, plus the statutory notice of the Board's meeting, to clothe the Board with jurisdiction to hear and determine the question of increase of value of rendition.

2. What we have said above answers your question "2". However, it may be added that any character of service of the written notice upon the taxpayer that is capable of proof will be sufficient.

3. Where the Board has acted in the absence of notice, and therefore without jurisdiction, to raise the taxpayer's valuation of his property, its action is void. The original rendition, therefore, stands as though no attempted revision whatever had been undertaken by the Board of Equalization. Upon the completion of the work of the Board, as a Board of Equalization, it has functioned, and where it has approved the rolls of the assessor and collector of taxes for the year, and taxes are in process of collection, it has no power whatever to sit again as a Board of Equalization, as in the first place. The result, of course, is that the original rendition of the property stands, and no taxes other than those based upon the valuation there given may be lawfully collected.

There is no provision in the statute for a rehearing by the Board upon the question of raised value of the taxpayer's rendition.

You state in your letter: "One can readily see that if the Commissioners' Court has jurisdiction

to hear such petitions now and there should be an epidemic of requests to reduce the assessments on the statements in the petition that actual notice had not been received, a serious situation would arise with respect to the tax situation in the county." You are, of course, correct in this statement, but the dilemma does not confer power or jurisdiction. As a practical matter the situation now stands as follows: Such taxpayers may obediently pay the taxes upon the basis of the attempted increased valuation, or they may take legal steps to prevent the attempted collection upon such basis. Since, however, the original rendition as to value still stands, such taxpayers would in any event be liable for taxes upon that basis. If there is uncertainty or weakness in the law, it is not the business of this department, nor of the courts, to give relief -- the matter is for the Legislature.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR

APPROVED DEC 21, 1939

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN